CURD GALINDO & SMITH LLP
Alexis Galindo (SBN 136643)
   agalindo@cgsattys.com
Maximiliano A. Galindo (SBN 328187)
   mgalindo@cgsattys.com
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:   (562) 624-1178

<u>Attorneys for Plaintiff</u>
OSVALDO RODRIGUEZ

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO RODRIGUEZ<br><br>            Plaintiffs,<br>vs.<br><br>CITY OF BAKERSFIELD; OFFICER STEVEN GLENN #1131, OFFICER TRENT ALEXANDER #1314, and TYLER SCHLEICHER #1303 Jointly and Severally,<br><br>            Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. Violation of Civil Rights and Conspiracy to Violate Civil Rights [42 U.S.C. § 1983];<br>2. Unreasonable Force [42 U.S.C. § 1983];<br>3. Violation of Free Speech [42USC 1983];<br>4. Monell-Failure to Train<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, OSVALDO RODRIGUEZ by and through his attorneys, CURD, GALINDO & SMITH LLP, for his Complaint against Defendants, states as follows:

# INTRODUCTION

1. This is a civil rights action arising from Defendant's unlawful arrest and seizure of Plaintiff, resulting in the injuries suffered by OSVALDO RODRIGUEZ. The events occurred on the early morning hours of September 14, 2021 at the Roadrunner Inn & Suites located at 2619 Buck Owens Blvd., Bakersfield, County of Kern, State of California. This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2. Venue is proper in the Eastern District of California. The injury occurred in the City of Bakersfield, County of Kern, California.

# PARTIES

3. Plaintiff, OSVALDO RODRIGUEZ was at all times mentioned herein, a citizen of the United States of America and resident of the State of California.

4. Defendant CITY OF BAKERSFIELD is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages,

directs, and controls the BAKERSFIELD Police Department ("BPD") which employs other defendants in this action, DOES 1 through 10.

5. Based on information and belief, Defendant Police Officers, OFFICER STEVEN GLENN #1131, OFFICER TRENT ALEXANDER #1314, and TYLER SCHLEICHER #1303, and DOES 1 through 5 at all material times were residents of Kern County and employed as law enforcement officers by Defendant CITY OF BAKERSFIELD, hereinafter "BPD" and were acting within the course and scope of that employment.  Defendants DOES 1 through 10 are being sued in their individual capacity.

6. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

7. Plaintiff is informed and believes, and thereon alleges, that each Defendant was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining

Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

8. The acts and omissions of all Police Officer DOE Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the BPD.

9. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

10. Plaintiff is unaware of the true names and capacities of those sued herein as unknown other named defendants. Plaintiff will amend this Complaint to allege said defendants' true names and capacities when that information becomes known to her. Plaintiff is informed and believes, and thereon alleges, that these unknown other named defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said defendants proximately caused the injuries and damages by reason of negligence, carelessness, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent intentional, willful, or wanton misconduct in creating and otherwise causing the incident, conditions, and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

## FACTS COMMON TO ALL COUNTS

11. On September 14, 2021, Plaintiff, checked in to the Roadrunner Inn & Suites. Plaintiff planned to appear in Kern County Superior Court to clear up outstanding warrant on case number BM955955A on September 15, 2021. Plaintiff was a paying guest at the Roadrunner Inn & Suites and staying in room 320. Plaintiff heard police activity and people running up and down the stairs at the Roadrunner Inn & Suites. Plaintiff opened the door and stuck his head out into the hallway and asked officers what was going. Plaintiff was then immediately detained and arrested and held in custody for 143 days. Plaintiff was released on February 2, 2022 with no charges.

12. On September 14, 2021, at about 03:14 hours, Defendant Officer Schleicher #1303 was on patrol in the 6100 block of Knudsen Drive. He was wearing full police uniform and occupying a marked black and white Bakersfield Police Department K9 patrol vehicle. While traveling north bound on Knudsen Drive, Defendant Officer Schleicher #1303 observed a vehicle ( Blue 2002 Chevrolet Tahoe SUV-California license plate: 4XGF511) exit the Vagabond Inn located at 6100 Knudsen Drive. The vehicle immediately began driving at a high rate of speed over 70 MPH. Defendant Officer Schleicher #1303 began following the vehicle in an

attempt to catch up to it as the vehicle made a west bound turn onto Norris Road. The vehicle increased it's speed to about 90 MPH as it continued west bound on Norris Road. Defendant Officer Schleicher #1303 activated his patrol vehicle's overhead emergency lights and siren and began pursuing the SUV. The SUV failed to yield to the traffic stop and began fleeing from the Officer. The vehicle continued to travel at speeds near 80 MPH west bound on Norris Road.

13. The SUV continued to travel at high rates of speed through various residential streets. After several turns through the residential streets the SUV turned east bound onto Rosedale Highway at 90 MPH and as the patrol vehicle and the SUV approached Highway 99, the SUV quickly decelerated and made an illegal U-turn onto the south bound HWY 99 onramp from west bound Rosedale Highway. Officer Schleicher continued to pursue the SUV onto Highway 99 at which time the SUV made another U-turn and began traveling north bound in the south bound lanes of Highway 99. The vehicle struck a traffic barrier at which time the driver exited the SUV and began running east bound across all lanes of Highway 99. The driver was described as: Hispanic male adult wearing a black t-shirt and black shorts.

14. Other officers responded to the area. Sergeant McWilliams #983 pursued after the SUV driver and observed him run down the east embankment of Highway 99, and into the parking lot of 2619 Buck Owens Boulevard towards the Roadrunner Inn. Defendant Officer Glenn #1131 arrived at the Roadrunner Inn and observed the

SUV driver running through the parking lot. Defendant Officer Glenn pursued after the SUV driver.

15. Defendant Officer Alexander responded to the Roadrunner Inn and contacted the hotel manager REKHA PATEL, who allowed officers to view the video surveillance. Upon viewing the video of the front door of the business the Defendants Officers Alexander and Glenn observed at approximately 08:14 hours on the camera time stamp but approximately 03:21 hours actual time, a male is seen run by the front door of the hotel lobby. Upon comparing the video surveillance to Plaintiff RODRIGUEZ, the Defendants Officer Alexander, Officer Glenn and Officer Schleicher determined that the man in the video was not Plaintiff RODRIGUEZ. Nevertheless, Defendants Officer Alexander, Officer Glenn and Officer Schleicher continued to detain Plaintiff and ultimately arrest Plaintiff for the warrant, which he indicated he would be clearing the next day. Plaintiff was also arrested for PC 466, possession of burglary tools-misdemeanor, VC 2800.2(A) evading police-felony, and VC 2800.4, evading police-wrong way driver-felony.

16. It is unclear from the video and from the statements of the other officers if the SUV driver ran into the hotel; however, Defendant Officer Glenn did run into the hotel and ran up three flights of stairs. When he arrived officers were already on the third floor standing near room number 320 and those officers did not see a suspect run up the stairs and into room 320. As Defendant Officer Glenn arrived to the third

floor he walked to the west end of the hallway where the officers were standing. The other officers acknowledged Defendant Officer Glenn's presence. As Officer Glenn was speaking to the other officers standing near room 320, Plaintiff opened his room (#320) door. Plaintiff was concerned about the police activity and poked his head out and asked the officers what was going on. Officer Glenn then yelled, "that's the guy". At that point he was detained and subsequently arrested. After reviewing the surveillance video Officer Glenn stated to the other officers that the suspect in room 320, Plaintiff, was not the same captured on the video.

17. The officers never recovered Plaintiff's finger prints from the subject vehicle involved in the chase. Additionally, the Plaintiff's cellular data showed that he was in the room the entire time.

18. Before the defendants made the decision to finally arrest Plaintiff, Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10, all agreed that Plaintiff was not the same person in the video. Based on the allegation that Officer Glenn had chased the SUV driver into the hotel and up to the third floor it is impossible that Plaintiff would have been able to run into room #320 in front of the other officers who were already present on the third floor standing near or in front of room #320 on the west end of the hallway and change his clothes.

19. Defendant Officer Glenn falsely states in his written report that Plaintiff "was still sweating and out of breath".

20. Defendant Officer Glenn also falsely wrote in his report that " Plaintiff was later confirmed through video evidence from the hotel…" It is clear from the video evidence and officer's BWC videos that the officers all agreed that the SUV driver and the Plaintiff were different individuals.

21. The Defendants, City of BAKERSFIELD and its employees, Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10, violated Plaintiff's civil rights and constitutional rights by the unlawful search and seizure and filing false police reports.

22. PLAINTIFF is informed and believes and thereon alleges that the CITY of BAKERSFIELD, Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10 also discriminated against Plaintiff, a Hispanic man. The City of BAKERSFIELD knowingly and deliberately fostered, maintained and condoned a policy, practice and custom or otherwise acted in a manner that was deliberately indifferent to the lives and liberty of persons such as Plaintiff and that such policy, practice, custom and/or actions were a direct and legal cause of her injuries.

23. The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding both the use of force, including deadly force, and the proper procedures to be followed in detaining individuals.

24. At the time of the violation of PLAINTIFF'S civil rights by BAKERSFIELD Police Officers, Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10 , CITY of BAKERSFIELD had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, use violence against individuals being detained. Said policies, procedures, customs and practices also called for the CITY of BAKERSFIELD not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of unjustified excessive force and violent acts by said officers or the related claims and lawsuits resulting from such violence.

25. Said policies, procedures, customs and practices called for the refusal of the City of BAKERSFIELD to investigate or document complaints of previous incidents of unjustified violence and, instead, officially claim that such incidents were justified and proper.

26. The CITY of BAKERSFIELD'S policies, procedures, customs and practices of inaction and cover-up encouraged officers of BAKERSFIELD Police Department, including Officers DOES 1 THROUGH 5 of the BAKERSFIELD Police Department, to believe that unjustified beatings, violence, and deadly force against individuals being detained was permissible.

27. At the time that Defendant POLICE OFFICERS Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10, employees of the BAKERSFIELD Police Department, exercised unlawful force against PLAINTIFF when he was arrested and allowed to remain in custody for 143 days.

28. Plaintiff alleges and further asserts that had Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10, independently investigated the issue of probable cause, they could only have reasonably concluded that there was no basis for the arrest. Such conduct by the officers was (1) a violation of 42 U.S.C. § 1983 based on a violation plaintiff's right against unlawful seizure under the Fourth Amendment; (2) a violation of plaintiffs' right against unlawful seizure under Art. 1, Section 13 of the California constitution.

29. Plaintiffs allege and contend that Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 10 could not have had independent probable cause to make the arrest for the PC 466 possession of burglary

tools, felony VC 2800.2(A) evading police, and felony evading police as a wrong way driver.

30. At all material times, and alternatively, the actions and omissions of each of the defendants was intentional, wanton and/or willful, shocking to the conscience, reckless disregard, malicious, deliberately indifferent to Plaintiff's rights, and done with actual malice, and was objectively unreasonable after the Defendants, Officer Alexander, Officer Glenn and Officer Schleicher had agreed that the SUV driver and the Plaintiff were separate individuals.

31. As a direct and proximate result of each Defendants BAKERSFIELD POLICE OFFICERS' DOES 1 through 5 employees, of the BAKERSFIELD Police Department, acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Severe physical and mental injuries to PLAINTIFF;

    b. Hospital and medical expenses for the past and future;

    c. Severe Emotional distress

    d. Violation of constitutional rights;

    e. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

    f. PLAINTIFFS's conscious pain and suffering, pursuant to federal civil rights law;

# COUNT ONE
## -- 42 USC §1983 --
## PLAINTIFF AGAINST DEFENDANT OFFICERS
### Officer Alexander, Officer Glenn and Officer Schleicher DOES 1 through 10

32. Plaintiff re-alleges, each and every paragraph in this complaint as if fully set forth herein.

33. By the actions and omissions described above, Defendants BAKERSFIELD Police Department employees, Officer Alexander, Officer Glenn and Officer Schleicher violated 42 USC §1983, by depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

34. Defendants BAKERSFIELD Police Department, Officer Alexander, Officer Glenn and Officer Schleicher, and DOES 1 through 5, subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

35. As a direct and proximate result of Defendants BAKERSFIELD Police Department, Officer Alexander, Officer Glenn and Officer Schleicher, acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth above.

36. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 as against the individual officers.

37. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

**COUNT TWO**
**-- UNREASONABLE USE OF FORCE ON PERSON UNDER FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION**
**[42 U.S.C. § 1983]**

**(By Plaintiff Against Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 inclusive)**

38. Plaintiffs re-allege each and every paragraph in this complaint as if fully set forth here.

39. As shown above, on September 21, 2021, when Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 unlawfully detained, falsely arrested and handcuffed plaintiff, the handcuffs were ratcheted down so tightly that plaintiff's wrists were in great pain and suffering, in a showing of unreasonable / excessive force.

40. Moreover, as shown above, said use of excessive force by said defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 was done to plaintiff as retaliation for his verbal protests of said defendant(s) violating his rights under the Fourth Amendment to the Constitution without any justification other than to punish, deter, and chill his free speech and the

free exercise of his rights guaranteed under the First and Fourth Amendments to the United States Constitution.

41. The actions of defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 as complained above herein, constituted a violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

42. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages. Plaintiff sustained injuries and damages, and against each and every Defendant, Plaintiff is entitled to relief as set forth above and punitive damages against Defendants in their individual capacities, including all damages allowed by law, not limited to costs, attorneys fees, and civil penalties.

**COUNT THREE**
**VIOLATION OF RIGHT TO FREE SPEECH/ PETITION TO REDRESS UNDER THE FIRST AMENDMENT TO THE UNITED STATES**
**[42 U.S.C. § 1983]**
**(By Plaintiff Against Defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 inclusive)**

43. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

44. As shown above, defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5, unlawfully detained and falsely arrested plaintiff on the bogus charges stated above. At all times, each Defendant owed

Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

45. As shown above, when plaintiff opened his hotel room door and was detained, he verbally protested to defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5. The Plaintiff protested that he was being unlawfully detained, being ordered to produce his identification under threat of arrest, and being falsely arrested. Plaintiff was engaged in constitutionally protected free speech under the First Amendment to the United States Constitution.

46. Also, as shown above, plaintiff continued his verbal protests of being falsely detained and arrested, and Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 knew that they were arresting the wrong person.

47. Furthermore, defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 knew that the plaintiff had not committed a crime, yet said defendant(s) arrested the plaintiff without either probable cause to believe that he committed a crime, or a warrant.

48. Moreover, defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in that protected activity.

49. Plaintiff's protected activity was a substantial or motivating factor in the defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5 decision to unlawfully detain and falsely arrest plaintiff. Said retaliation by

said defendants was committed by snatching him from his hotel room, grabbing plaintiff and handcuffing his wrists too tightly and taking him to jail where he was wrongfully detained for almost 5 months.

50. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages. Plaintiff sustained injuries and damages, and against each and every Defendant, Plaintiff is entitled to relief as set forth above and punitive damages against Defendants in their individual capacities, including all damages allowed by law, not limited to costs, attorneys fees, and civil penalties.

## COUNT FOUR

### [VIOLATION OF 42 U.S.C. § 1983]
### Claim Against Local Governing Body Defendants
### Based On Failure To Train
### (By Plaintiff Against Defendant CITY OF BAKERSFIELD)

51. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth herein verbatim.

52. As shown above, when defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5, deprived plaintiff of his particular rights under the United States Constitution, they were acting under the color of state law.

53. The training policies of defendant, CITY OF BAKERSFILD, were not adequate to train their police officers other sworn peace officer personnel to handle the usual and recurring situations with which they must deal with as sworn peace

officers, to wit; defendant CITY OF BAKERSFILD, failed to train its officers: (1) not to handcuff persons so tightly so as to injure them and to cause them great pain, suffering and injury from their doing so; (2) that retaliation against civilians for their verbal protest of police actions is proscribed by the First Amendment to the United States Constitution and cannot criminalized by the state/ government; and (4) that failing to immediately comply with police orders, is not a violation of Penal Code.

54. Moreover, the City of Bakersfield Police Department does not train its officers and other sworn peace officer personnel that it is not a crime in the State of California to own Vans shoes. Accordingly, defendants City of Bakersfield was deliberately indifferent to the obvious consequences of their failure to train their police officers and other sworn peace officer personnel adequately to follow California state law; especially regarding arresting civilians when the evidence showed.

55. The failure of defendants City of Bakersfield, to provide adequate training caused the deprivation of plaintiff's rights by defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5, that is, the defendants' failure to train is so closely related to the deprivation of plaintiff's rights as to be the moving force that caused the ultimate injury.

56. As a direct and proximate result of the actions of defendants Officer Alexander, Officer Glenn and Officer Schleicher and DOES 1 through 5, and the unlawful seizures by said defendants upon the plaintiff, Plaintiff was: 1) substantially

physically, mentally and emotionally injured, 2) incurred attorney's fees and expenses, and 3) incurred other special and general damages and expenses associated costs, including lost wages / lost profits; all in an amount to be proven at trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

**FIRST, SCOND & THIRD CAUSE OF ACTION (42 U.S.C. § 1983)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For attorney's fees, investigation fees, and expenses pursuant to 42 U.S.C. § 1988;

5. For punitive damages against the individual defendants;

6. For trial by jury; and

7. For such other and further relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION (MONELL)**

1. For general damages in an amount to be determined according to proof at trial;

2. For medical and related expenses according to proof at trial;

3. For costs of suit incurred herein;

4. For attorneys' fees and costs;

5. For such other and further relief as the Court deems just and proper.

//

DATED: August 23, 2023　　　　**CURD, GALINDO & SMITH, LLP**

　　　　　　　　　　　　　　　　/s/ **Alexis Galindo**
　　　　　　　　　　　　　　　　ALEXIS GALINDO
　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

## **JURY TRIAL DEMAND**

Plaintiff hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 23, 2023　　　　**CURD, GALINDO & SMITH LLP**

　　　　　　　　　　　　　　　　*/s/ Alexis Galindo*
　　　　　　　　　　　　　　　　ALEXIS GALINDO
　　　　　　　　　　　　　　　　Attorneys for Plaintiff